WICKES BROTHERS, PLAINTIFF-RESPONDENT, v. STRAIGHT FILAMENT LAMP COMPANY, DEFENDANT-APPELLANT.

Submitted July 19, 1913—Decided November 17, 1913.

Under section 27 of the supplement to the Practice act, which became effective July 4th, 1912 (*Pamph. L., p.* 377), prohibiting the reversal of a judgment on the ground, among other things, of the improper admission or exclusion of evidence, unless from the whole case it shall appear that the error injuriously affected the substantial rights of a party, the substantial rights of the defendant were not injuriously affected by the refusal of the trial court to admit proof of the condition of shore blocks and guy ropes, by means of which a piece of machinery was fastened to a flat car for the purpose of transportation, when the method of such fastening had been fully described by the witness and the defence was rested upon the theory that the machinery, as fastened to the car at point of delivery, made it absolutely impossible for the machine to be injured in transit, and that therefore the injury existed prior to shipment.

On appeal from the Supreme Court.

For the appellant, *Coult & Smith.*

For the respondent, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BERGEN, J. This action was brought to recover the sum due upon a promissory note made by the defendant, dated August 14th, 1911, and payable to the order of the plaintiff. The trial court directed a verdict in favor of the plaintiff, which ruling is one of the grounds upon which this appeal is rested, the other being the rejection of testimony offered by the defendant. The substantial defence offered was a failure of consideration for the note upon the following facts: The plaintiff sold and shipped to defendant a piece of machinery which was in a defective condition when received by defendant, a shaft and some of the spokes of an iron fly wheel being cracked. This being brought to the notice of the plaintiff, it wrote defendant that it would loan to it the defective parts upon the condition that defendant would at once place with the manufacturer an order for new material and return to plaintiff the wheels and shaft so loaned, with a proviso that if defendant did not place such order within thirty days, then plaintiff would replace the parts loaned at the expense of defendant. This offer, which was accepted by defendant so as to become a contract, contained, among other conditions, the following: "Furthermore, that if proven it is an old break that occurred before shipment of engine, we will furnish wheels and a shaft without additional charge."

The defendant denied liability upon the ground that the break in the machinery occurred before shipment. It was shipped from Jersey City, plaintiff's place of business, on a flat car belonging to the Central Railroad Company of New Jersey, the transporting agency, to Kenilworth, where the defendant's factory was located. All the witnesses, who saw the machine just prior to shipment, testify that it was in good order when placed on the car, yet it is not denied that when it reached the defendant it was in a defective condition. If this change in condition happened during transit, the defendant does not deny its liability, but complains that the trial court improperly overruled testimony it offered, from which it alleges an inference could be drawn that the defective condition existed prior to the shipment.

The only errors urged by the appellant in its brief are (*a*) that the trial court refused to accept testimony of circumstances relating to the condition of the machinery when received, as proof of its condition at the time of shipment; (*b*) that it was error to direct a verdict for the plaintiff. On the first point a witness for defendant, in reply to a question concerning the method by which the fly wheels were held on the car, said: "Well, they were held by each having as we call shore blocks put on each side of each wheel, a shore block in front of it and a steel cable running through the spokes and anchored to each side of the truck or car."

. Following this testimony this witness was asked what was the condition of the shore blocks and of the steel cable, and another witness was asked as to the condition of the box car on which the machine stood. This testimony was excluded by the trial court and its action with relation to this testimony forms the basis of the first point made by the appellant.

This cause was tried after the adoption, and subject to, section 27 of the statute entitled "A supplement to an act entitled 'An act to regulate the practice of courts of law (Revision of 1903).'" *Pamph. L.* 1912, *p.* 377. This section declares that "no judgment shall be reversed, or new trial granted on the ground of misdirection, or the improper admission or exclusion of evidence, or for error as to matter of pleading or procedure, unless after an examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party." It therefore becomes our duty to examine the whole case for the purpose of ascertaining whether, conceding defendant's claim that the evidence was improperly excluded, its substantial rights were affected. The purpose of this testimony, as stated by the defendant to the trial court, was, that it was absolutely impossible for a machine, loaded as this was, to be injured in transit without moving either the blocks or the guy ropes. There was no proof of the method of the loading except as described by the witness in answer to the next preceding question, and it was upon that condition defendant relied to show that the machinery was so loaded and fastened that it could not be in-

jured in transit, and therefore that it was defective when shipped. The defendant was permitted to show precisely how this machine was attached to the car when delivered, and there was no evidence that this condition differed from that existing when the shipment was made, nor did the defendant claim otherwise. What it did claim was that the blocks and guy ropes, as they were when the car was received, would absolutely prevent any injury in transit.

The point of the defendant's case on this branch is that the machine, as fastened to the car at the point of shipment, could not have been injured, as it appeared to be when it was received, during transit, from which it argues that an inference is to be drawn that the defect existed before shipment. It was allowed to prove the manner in which it was fastened when received, which, in the absence of proof to the contrary, raises the presumption that no change had been made between shipment and receipt, and this was all that was necessary for the defendant to show in support of its contention, and we are of opinion, after an examination of the whole case, that the exclusion of this evidence did not "injuriously affect the substantial rights" of the defendant, and that therefore, under the statute, this judgment ought not to be reversed on this ground.

The next point, as stated in defendant's brief, is: "The defendant then attempted to qualify the witness Boyle as an expert and gain his opinion as to the manner in which the fractures in the wheel occurred. This the court refused to permit unless the examination was confined to the single question as to how old, in the opinion of the witness, the breaks were." The record does not bear out this contention. What appears is that defendant's counsel asked the witness if he had any experience in the construction of castings of metal. This was objected to and overruled, and without making any objection to the ruling, defendant's counsel addressed the court as follows: "If your honor please, can't I prove by this man—I just want to call the court's attention to this last question, assuming I endeavor to qualify this man as an expert and ask him as his opinion how old it is." To this the

court replied: "You can do that. Qualify him as an expert. If you offer him as an expert I will allow the other side to cross-examine as to his qualifications." The witness was then offered as an expert and turned over to the plaintiff's counsel for cross-examination as to his qualifications. He was examined at some length as to his qualifications and he was then asked: "*Q.* So far as you observed, although it was an old wheel, it was a clean, fresh fracture?" "*A.* It was." And thereupon the witness was dismissed by the defendant's counsel without the slightest effort to gain an opinion as to the manner in which the fractures occurred. The record does not disclose any support to this objection.

The objection urged to the direction of a verdict in favor of the plaintiff has no substantial foundation, for there is no proof in the case from which an inference is permissible that the defects in the machinery "occurred before shipment." The defendant proved the manner in which the machine was attached to the car, but offered no evidence from which an inference can be drawn that the machinery, as fastened to the car, could not receive the injuries which appeared when it was delivered. It did prove the manner in which the machine was attached to the car, and without further proof argues that the break could not have happened in transit. Whether it could or not is subject to so many contingencies that the argument has no reliable basis.

The result is that the judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, BERGEN, VOORHEES, MINTURN, KALISCH, VREDENBURGH, CONGDON, TERHUNE, HEPPENHEIMER, JJ. 10.

*For reversal*—GARRISON, TRENCHARD, PARKER, WHITE, JJ. 4.